IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RODERIC RUMBLEY                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 3:21-cv-209-KHJ-MTP

STATE FARM FIRE & CASUALTY COMPANY                                DEFENDANT

**ORIGINAL COMPLAINT**
(JURY TRIAL DEMANDED)

COMES NOW Plaintiff Roderic Rumbley and presents his Original Complaint against State Farm Fire & Casualty Company, as follows:

### I.     PARTIES

1.1     Roderic Rumbley is an adult resident citizen of Madison County, Mississippi.

1.2     State Farm Fire & Casualty Company ("State Farm") is an insurance company organized under the laws of Illinois and registered to do business in Mississippi and process may be issued on the Mississippi Insurance Commissioner, upon State Farm's registered agent for service of process at United States Corporation Company, 7716 Old Canton Road, Suite C, Madison, MS 39110, or in any other manner allowed under the Federal Rules of Civil Procedure.

### II.    GENERAL STATEMENT OF THE ACTION

2.1     Plaintiff alleges causes of action on alternative theories of liability based on facts and circumstances surrounding the present lawsuit as currently known and/or believed to be true; however, if and when any additional facts are discovered giving rise to new/additional claims or causes of action, Plaintiff reserves the right to amend his claims.

2.2     Presently, Plaintiff's claims include, *inter alia*, those for breach of contract, breach of the duty of good faith and fair dealing, negligence, gross negligence, respondeat

superior, and vicarious liability, as well as for all lawful entitlements to damages, including but not limited to actual damages, incidental damages, consequential damages, exemplary damages, punitive damages, attorneys' fees, costs, prejudgment interest, postjudgment interest, as well as for other equitable and legal relief, and in support thereof would should unto the Court the following:

### III.   VENUE AND JURISDICTION

3.1   This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds the sum of $75,000.

3.2   Venue is proper in the Southern District of Mississippi, Northern Division, pursuant to 28 USC § 1391, because a substantial part of the events or omissions giving rise to this action occurred in whole or in part in the Southern District of Mississippi, Northern Division.

### IV.   FACTS

4.1   State Farm issued Insurance Policy No. 24-BD-H734-4 ("Subject Policy") to Mr. Rumbley (or "Plaintiff") to cover the dwelling at 113 Rosedowne Bend, Madison, Mississippi ("Subject Property"). The effective date of the Subject Policy was from August 31, 2019 to August 31, 2020. Attached hereto as Exhibit A is a copy of the insurance policy.

4.2   The Subject Policy provides insurance coverage in pertinent part for the dwelling (Coverage A for $1,452,200 with a Dwelling Extension of $145,220); for personal property (Coverage B for $1,089,150); and for loss of use (Coverage C for actual loss sustained).

4.3   On January 10, 2020, a wind and hailstorm caused extensive damage to the Subject Property. Mr. Rumbley subsequently made a claim with State Farm, which State Farm identified as Claim Number 24-04-POO4P.

4.4     After Mr. Rumbley had made a claim for repairs to the Subject Property, on or around March 3, 2020, a State Farm agent inspected the Subject Property and generated an estimate with a replacement cost value of $9,136.41.

4.5     Thereafter, State Farm increased the estimate to repair the Subject Property to $21,855.20.  Although laminate shingles similar to the undamaged areas of the dwelling's roof in material respects are no longer available for purchase and new shingles will not fit the existing shingles, State Farm refused to replace the remaining shingles on the roof in breach of the insurance contract.

4.6     Mr. Rumbley hired an independent adjuster to conduct an appraisal of the damage to the Subject Property and notified State Farm of the appraisal provisions in the Subject Policy.  State Farm rejected the appraisal process, citing a dispute as to the covered losses as a result of the wind and hail damage.

4.7     The independent adjuster's estimate to repair the Subject Property in accordance with the Subject Policy is in excess of $100,000.  In contrast, State Farm's arbitrary and unreasonable estimate fails to provide Rumbley with an amount for which he can repair the existing damage to the roof and replace the entire roof due to the unavailability of matching shingles in violation of the Subject Policy.

## V.     CAUSES OF ACTION

### A.     BREACH OF CONTRACT

5.1     Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

5.2     Plaintiff and Defendant entered into a contract for insurance and was insured by State Farm at the time the Dwelling was damaged.  The Contract states, in part,

**COVERAGE A – DWELLING**

1. Dwelling. We cover the dwelling principally used as a private residence on the **residence premises**…

\*\*\*\*

**COVERAGE A – DWELLING**

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I – LOSSES NOT INSURED.

\*\*\*\*

A1 – Replacement Cost Loss Settlement – Similar Construction

a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – COVERAGES, COVERAGE A – DWELLING …

5.3  Plaintiff paid the Defendant premiums every month so that his dwelling, including his entire roof, would be insured and repaired in the event of a covered loss.  Plaintiff submitted a claim for a covered loss to his Dwelling, including damage to his roof, and Defendant has failed to pay for Rumbley's loss in breach of the insurance contract.  Specifically, Defendant has failed to pay an amount such that Rumbley can repair his roof as required under the insurance contract.  There are no materials of similar kind and quality that would be sufficient for a partial repair of the damaged part of the home – the roof.  Defendant also breached the contract by refusing to engage in the appraisal process and by providing arbitrarily low repair estimates.

5.4  As a proximate result, Plaintiff has suffered damages and continues to suffer damages.

**B.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

5.5    Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

5.6    State Farm individually or through its agent(s) breached the duty of good faith and fair dealing toward Plaintiff.  Such conduct, acts and/or omissions constituting a breach of the duty of good faith and fair dealing are the proximate cause, substantial factor, or proximate contributing cause of the foreseeable damages suffered by Plaintiff.

5.7    Every contract imposes a duty of good faith and fair dealing in its performance and its enforcement.  The duty of good faith and fair dealing does not include the goal of maximizing profits if undertaken through overbearing practices that take unfair advantage of the other party.  As such, in dealing with Plaintiff, Defendant State Farm owed Plaintiff a duty of reasonable care and impliedly covenanted, as a matter of law, that it would deal with Plaintiff both fairly and in good faith and Defendant State Farm would do nothing to interfere with or frustrate Plaintiff's reasonable expectations.

5.8    Yet State Farm breached the implied duty of good faith and fair dealing by providing an arbitrary estimate that grossly underestimated the sum necessary for Plaintiff to repair the damage to the Subject Property and refused to engage in the appraisal process. Originally, State Farm attempted in bad faith to pay only $9,136.41 and only later agreed to pay $21,855.20 – over half of the original estimate.  Both of these estimates were made with reckless disregard of Plaintiff's rights and failed to take into account that even with these estimates, Plaintiff's damaged property would still be damaged and not repaired.

5.9    Defendant's shockingly low estimates fail to account for necessary repairs, including but not limited to replacement of the entire roof due to their being no replacement

shingles available that matched or would otherwise repair the home or make the Plaintiff whole by providing him the benefit of his insurance contract.

5.10   Viewed collectively, State Farm's actions and/or omissions constitute gross negligence and a willful, wanton, reckless disregard for Plaintiff's rights, warranting the imposition of punitive damages.  As a proximate result of Defendant's and/or its agent's breaches of the insurance contract, Plaintiff has suffered damages and continues to suffer damages.

      C.    **NEGLIGENCE**

5.11   Plaintiff incorporates by reference the prior allegations as if set forth fully herein.

5.12   Defendant State Farm, either individually or through its agents, failed to exercise the degree of care, skill, knowledge, and ability ordinarily possessed by members of its possession in performance of work for Plaintiff. Defendant State Farm and/or its agents undertook a duty of care to Plaintiff, breached this duty, and proximately caused Plaintiff damages.  In breach of State Farms' duties to Plaintiff, State Farm negligently performed the repair estimates on Plaintiff's home.

5.13   Defendant State Farms and/or its agents' failure to exercise the care, skill, knowledge, and ability ordinarily exercised by members of its profession was the sole proximate cause or proximate contributing cause of Plaintiff's damages.

      D.    **RESPONDEAT SUPERIOR/VICARIOUS LIABILITY**

5.14   Plaintiff incorporates by reference every prior allegation as set forth herein.

5.15   At all times pertinent hereto, State Farm is liable for, without limitation, the conduct, acts, breaches, and/or omissions, tortious conduct of their actual or apparent agents,

employees, fiduciaries, contractors, officers, directors, and consultants, under the doctrine of respondeat superior and otherwise as provided by applicable law.

### E.   DECLARATORY JUDGMENT

5.16   Plaintiff incorporates by reference every prior allegation as set forth herein.

5.17   A justiciable controversy exists between the parties, including State Farm's obligation to pay for complete repair of Plaintiff's roof. The shingles on Plaintiff's home have been discontinued, and Plaintiff cannot repair his home based on State Farm's arbitrary estimate that does not allow for replacement of the entire roof. Plaintiff requests a declaratory judgment be entered by this Court that State Farm owes Plaintiff the amount to repair his entire roof under the insurance contract.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests this Honorable Court to enter judgment against State Farm Fire & Casualty Company for breach of contract, breach of good faith and fair dealing, tortious breach of contract, negligence, and all other causes of action asserted herein, including declaratory judgment that State Farm owes Plaintiff the cost to repair his entire roof.

Against State Farm, Plaintiff requests this Honorable Court to award special and general damages; damages for emotional distress; actual, compensatory, and punitive damages; attorneys' fees; court costs; pre-judgment and post-judgment interest on all such awards; and for such other relief as this Honorable Court may deem proper.

Plaintiff demands a trial by jury.

This the 26th day of March, 2021.

          Respectfully submitted,
          RODERIC RUMBLEY

          By: */s/ E. Taylor Polk*
              E. Taylor Polk

OF COUNSEL:
Michael A. Heilman (MSB No. 2223)
E. Taylor Polk (MSB No. 103653)
HEILMAN LAW GROUP, P.A.
Meadowbrook Office Park
4266 Interstate 55 North, Suite 106
Jackson, Mississippi 39211
Telephone: (601) 914-1025
Facsimile: (601) 944-2915
mheilman@heilmanlawgroup.com
tpolk@heilmanlawgroup.com